EVANS vs. MORAN.

In action of *ejectment* by *landlord* against *tenant*, for the non-payment of rent, where the premises are unoccupied and there is no dwelling house or other building on the premises, the affixing of the declaration on a post in a conspicuous place on the premises, will be deemed a good service, and a rule to plead will be allowed to be entered.

Whether such service would be deemed good where the relation of landlord and tenant does not exist, *quere*.

This is an action of *ejectment* by a *landlord* against a *tenant* for non-payment of rent, and the declaration having been

served not on the defendant *personally*, but by affixing a copy on a post in a conspicuous place on the demised premises, there being no dwelling house or other building on the same, and the premises being vacant and unoccupied, the plaintiff moved for leave to enter a rule that the defendant plead.

NEW-YORK,
May, 1834.

Evans
v.
Moran.

*By the Court*, SAVAGE, Ch. J.   The revised statutes forbid that a rule to plead shall be entered without the special order of the court, where a declaration in ejectment shall have been served in any other manner than on the defendant *personally*; but are silent as to what shall be considered a good service in a case like the present.   2 R. S. 305, § 15.   By the former statute, 1 R. L. 441, § 23, it was provided in case the declaration could not be legally served, or there was no tenant in actual possession of the premises, that the declaration might be affixed upon the door of any demised messuage, or if the action was not for the recovery of a messuage, then upon some notorious place of the lands, &c.; and such affixing it was declared should be deemed legal service of the declaration.   The mode of service specified in the former statute we consider as well adapted to give notice to the *tenant* in an action against him by his *landlord,* and having been pursued in this case, we direct the rule to plead to be entered.   We, however, do not say that such service would be good where the relation of landlord and tenant does not exist.*

---

*Mr. Justice SUTHERLAND was prevented from attending this term by indisposition.