## Stratton vs. Lord.

A *landlord*, to obtain possession of demised premises for arrears -of rent, where the premises are not *actually occupied*,and a declaration in ejectment cannot be served upon the *lessee* or his *assignee*, or the residence of the latter be not known so that service cannot be made there, must proceed as at common law or adopt the *summary proceedings* provided by statute, 2 *R. S.* 512, § 24 *et seq.* he cannot proceed by affixing a *declaration in ejectment* in a conspicuous place on the demised premises, and then asking the court for a rule to plead. *Evans* v. *Moran*, 12 *Wendell*, 180, *overruled*.

EJECTMENT for non-payment of rent of demised premises, the lease having been assigned. The premises being wholly unoccupied, there being no dwelling house or other building thereon, and the assignee of the lessee having no place of residence known to the plaintiff, and he not being able to make personal service of the declaration, caused it to be served by affixing a copy, with the proper notice, in a conspicuous place on a post standing on the demised premises.

*G. M. Spier*, on an affidavit of the above facts, now moved for a special order of the court that a rule to plead be entered. He cited 2 *R. S.* 305, § 13, 14, 15, and *id.* 505, as to the recovery of dismised premises for non-payment of rent.

*By the Court*, COWEN, J. The statute, 2 *R. S.* 303, § 1, retains the action of ejectment, declaring that it "may be brought in the cases and the manner heretofore accustomed, subject to the provisions hereinafter contained." The 14th section declares, that " if the premises claimed are not actually occupied, the declaration and notice shall be served on the defendant named therein personally, or, if he cannot be found, by leaving the same with some person of proper age at the residence of such defendant." The 15th section requires a special application for the rule to plead, where the service is made in any other manner than on the defendant personally. The statute has thus cut off all methods of ser-

vice in cases where the premises are not actually occupied, save those specifically mentioned in section 14. The former provision for service as between landlord and tenant not having been retained, the only remedy left to the plaintiff is an actual entry at common law, or the proceeding under 2 *R. S.* 512, § 24, 5, 6, 7. The provisions of these sections were evidently intended to come in place of the former, 1 *R. L.* 441, § 23, *et seq.* the mode of service in which was adopted by *Evans* v. *Moran*, 12 *Wendell* 180. In deciding the latter case, the provisions of 2 *R. S.* 512, seem to have been overlooked. Looking at these in connection with the provisions of § 14, cited, we are all of opinion that the practice laid down in *Evans* v. *Moran* cannot be sustained.

Motion denied.